UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

PAMELA B.,

    Plaintiff,

v.                  3:24-CV-0039
                    (ML)
COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____

APPEARANCES:             OF COUNSEL:

LACHMAN, GORTON LAW FIRM      PETER A. GORTON, ESQ.
 Counsel for the Plaintiff
P.O. Box 89
1500 East Main Street
Endicott, New York 13760-0089

SOCIAL SECURITY ADMINISTRATION   KRISTINA D. COHN, ESQ.
 Counsel for the Defendant         Special Assistant U.S. Attorney
6401 Security Boulevard
Baltimore, Maryland 21235

MIROSLAV LOVRIC, United States Magistrate Judge

## ORDER

   Currently pending before the Court in this action, in which Plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g), are cross-motions for judgment on the pleadings.[1]  Oral argument was

---

[1] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18.  Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

1

heard in connection with those motions on February 28, 2025, during a telephone conference conducted on the record. At the close of argument, I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination was not supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by Plaintiff in this appeal.

After due deliberation, and based upon the Court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is

**ORDERED** as follows:

1) Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is GRANTED.

2) Defendant's motion for judgment on the pleadings (Dkt. No. 12) is DENIED.

3) The Commissioner's decision denying Plaintiff Social Security benefits is REVERSED.

4) This matter is REMANDED to the Commissioner, without a directed finding of disability, for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g).

5) The Clerk of Court is respectfully directed to enter judgment, based upon this determination, REMANDING this matter to the Commissioner for further administrative proceedings consistent with this opinion and the oral bench decision, pursuant to sentence four of 42 U.S.C. § 405(g) and closing this case.

Dated: March 3, 2025
      Binghamton, New York

_Miroslav Lovric_
Miroslav Lovric
United States Magistrate Judge
Northern District of New York

```
UNITED STATES  DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------x
PAMELA B.,

                            Plaintiff,

vs.                          3:24-CV-39

COMMISSIONER OF SOCIAL SECURITY,

                            Defendant.
-----------------------------------------x
```

Transcript of a **Decision** held during a Telephone Conference on February 28, 2025, the HONORABLE MIROSLAV LOVRIC, United States Magistrate Judge, Presiding.

A P P E A R A N C E S

(By Telephone)

| | |
|---|---|
| For Plaintiff: | LACHMAN, GORTON LAW FIRM<br>Attorneys at Law<br>P.O. Box 89<br>1500 Main Street<br>Endicott, New York  13760 |
| For Defendant: | SOCIAL SECURITY ADMINISTRATION<br>Office of the General Counsel<br>6401 Security Boulevard<br>Baltimore, Maryland  21235<br>  BY:  KRISTINA D. COHN, ESQ. |

*Jodi L. Hibbard, RPR, CSR, CRR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York  13261-7367*
*(315) 234-8547*

1            (All present by telephone.)
2            THE COURT:  All right.  Well, the court will begin
3   then by indicating that the court has reviewed the briefs
4   filed by the parties.  The court has also reviewed the
5   administrative record that has been filed in the docket, and
6   the court is going to render and put forth its decision here
7   on the record.
8            So let me begin by indicating plaintiff has
9   commenced this proceeding pursuant to Title 42 U.S. Code
10  405(g) to challenge the adverse determination by the
11  Commissioner of Social Security finding that she was not
12  disabled at the relevant times and therefore ineligible for
13  the benefits that she sought.
14           By way of background, the court sets forth the
15  following:
16           Plaintiff was born in 1987.  She is approximately
17  37 years old.  She was approximately 34 years old on the date
18  of her application for benefits.
19           Plaintiff stands approximately 5 feet 0 inches in
20  height and weighs approximately 113 pounds.
21           Plaintiff is a high school graduate who attended
22  special education classes, and has taken some online college
23  courses.  She has a very limited employment history that
24  includes several years working as a -- working in a cafe and
25  various temporary positions.

At the time of her administrative hearing on September 1, 2023, plaintiff was homeless and "couch-surfing" with various friends and relatives, but had an address where she was able to receive mail. Plaintiff has two sons who live with relatives.

Plaintiff has a history of mental health impairments and substance abuse that dates back to her childhood and includes psychiatric hospitalization. The available record documents symptoms including auditory and visual hallucinations and emotional outbursts that improve with prescribed psychiatric medication, but also plaintiff's failure to take that medication for extended periods.

Procedurally, the court notes as follows: Plaintiff applied for Title XVI benefits on June 2nd, 2022, alleging an onset date of April 1 of 2020. In support of her application for benefits, plaintiff claimed disability based on a number of physical and mental health impairments, including schizoaffective disorder, bipolar disorder, post-traumatic stress disorder, asthma, Sjogren's Syndrome, arthritis, and tendinitis.

Administrative Law Judge Jeremy Eldred conducted a hearing on September 1, 2023, to address plaintiff's application for benefits.

ALJ Eldred issued an unfavorable decision on September 27 of 2023. That decision became the final

determination of the agency on November 16 of 2023, when the Appeals Council denied plaintiff's request for review.  This action was commenced on January 9th of 2024, and it is timely.

In his September 27th, 2023 decision at issue in this case, the ALJ utilized the familiar five-step test for determining disability.

At step one, the ALJ concluded that plaintiff had not engaged in substantial gainful activity since her application date of June 2nd, 2022.

At step two, the ALJ concluded that plaintiff had the following severe impairments:  Those being scoliosis, asthma, schizoaffective disorder bipolar type, personality disorder, stimulant use disorder, cannabis use disorder, and alcohol use disorder.

At step three, the ALJ concluded that plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments.  In making this determination, the ALJ expressly considered Listings 1.15 which deals with disorders of the skeletal spine; Listing 3.02 dealing with chronic respiratory disorders; Listing 3.03 dealing with asthma; Listing 12.03 dealing with schizophrenic, paranoid, and other psychotic disorders; Listing 12.04 dealing with depressive, bipolar, and related disorders; and Listing 12.08 dealing with

1  personality and impulse control disorders.
2          Next, the ALJ determined that plaintiff has the
3  residual functional capacity, also known as RFC, to perform
4  less than the full range of light work.  Specifically, the
5  ALJ found plaintiff must avoid exposure to concentrated dust,
6  odors, fumes, or gases; that plaintiff can understand,
7  remember, and carry out simple and routine instructions; that
8  plaintiff can use judgment to make simple work-related
9  decisions; that plaintiff can interact occasionally with
10 supervisors, coworkers, or the public; and can appropriately
11 adapt to ordinary change in a routine work setting.
12         At step four, the ALJ determined that plaintiff did
13 not have any past relevant work.
14         At step five, the ALJ relied on the vocational
15 testimony to find that, considering plaintiff's age,
16 education, work experience, and RFC, there were jobs existing
17 in significant numbers in the national economy that plaintiff
18 can perform.
19         Accordingly, the ALJ found plaintiff was not
20 disabled from her application date of June 2nd, 2022 through
21 the date of the ALJ's decision.
22         I next turn to plaintiff's arguments.  So I first
23 begin by indicating, as you know, this court's functional
24 role in this case is limited and extremely deferential.  I
25 must determine whether correct legal principles were applied

1  and whether the determination is supported by substantial
2  evidence, which is defined as such relevant evidence as a
3  reasonable mind would find sufficient to support a
4  conclusion.  As the Second Circuit noted in *Brault v. Social*
5  *Security Administration*, that's found at 683 F.3d 443, a 2012
6  case, the standard is demanding, more so than clearly
7  erroneous standard.  The court also noted in *Brault* that once
8  there's a finding of fact, that fact can be rejected only if
9  a reasonable fact finder would have to conclude otherwise.
10          Plaintiff raises two primary contentions in their
11 filings.
12          First, plaintiff argues the ALJ failed to properly
13 develop the record by not making greater effort to obtain the
14 treatment notes of Licensed Clinical Social Worker Kristie
15 Scott-Lein who was plaintiff's primary therapist at the time
16 of her application for benefits and who prepared the most
17 restrictive mental health opinion in the record.
18          Secondly, plaintiff argues that the ALJ erred in
19 evaluating the medical opinion evidence related to
20 plaintiff's mental health impairments by favoring the less
21 restrictive opinions of consultants who had little to no
22 direct observation of plaintiff.
23          This court begins its analysis by stating as
24 follows:  This court finds that remand for further
25 administrative proceedings is required in this case to

1    properly develop the record regarding plaintiff's mental
2    health treatment, particularly the treatment notes and
3    related records from plaintiff's primary therapist, Kristie
4    Scott-Lein, for the following reasons:
5              Plaintiff began attending biweekly therapy sessions
6    with Ms. Scott-Lein in June of 2021, and was still under her
7    care at the time of the ALJ's decision.  Ms. Scott-Lein
8    completed a mental health questionnaire dated August 24, 2023
9    with an accompanying narrative, in which she opined that
10   plaintiff has marked or extreme limitations in a number of
11   functional areas, that plaintiff is prone to verbal and
12   emotional outbursts due to post-traumatic stress disorder,
13   and that plaintiff struggles with auditory and visual
14   hallucinations.  Ms. Scott-Lein also opined that plaintiff's
15   mental health impairments would cause her to be off task more
16   than one-third of the workday and made her likely to miss
17   three or more workdays for each month.
18             The ALJ found Ms. Scott-Lein's opinion to be
19   unpersuasive, noting that he had -- I should add, noting that
20   he had "not been provided with Ms. Scott-Lein's underlying
21   treatment records" so he was "unable to determine whether her
22   comments ... are supported by her own longitudinal findings
23   and observations."  The ALJ also found the restrictions in
24   Ms. Scott-Lein's opinion to be "inconsistent with the record
25   as a whole," including contemporaneous notes from plaintiff's

1  substance abuse counselors.

2  Instead, the ALJ deemed the opinions from
3  nonexamining state agency consultants Dr. L. Haus and Dr. D.
4  Brown, as well as consultative examiner Dr. Sarah Long, to be
5  persuasive.  These opinions identified no more than moderate
6  limitations in any functional area, and were all consistent
7  with the ability to perform unskilled light work.

8  Given the remedial intent of the Social Security
9  statute and the nonadversarial nature of benefit proceedings,
10 an ALJ has an affirmative duty, regardless of whether the
11 claimant is represented by counsel, to develop the medical
12 record if it is incomplete.  See *Vincent v. Commissioner of*
13 *Social Security*, 651 F.3d 299 at page 305, and that's a
14 Second Circuit 2011 case, and therein, the Second Circuit
15 stated, "The duty of the ALJ, unlike that of a judge at
16 trial, is to investigate and develop the facts and develop
17 the arguments both for and against the granting of benefits."
18 "Moreover, [t]he ALJ's duty to develop the record is enhanced
19 when the disability in question is a psychiatric impairment."
20 See *Tammy H. v. Commissioner of Social Security*, that's found
21 at 5:18-CV-851, and that is a Magistrate Judge Baxter case,
22 2019 WL 4142639, at *10, Northern District New York,
23 August 30th, 2019.

24 Whether the ALJ has satisfied his duty to develop
25 the record is a threshold question.  See case of *Matthew D.*

1   *v. Commissioner of Social Security*, found at 5:20-CV-793, and
2   that is a Judge McAvoy case at 2021 WL 1439669, at *6,
3   Northern District New York, April 16, 2021.  Before
4   determining whether the Commissioner's final decision was
5   supported by substantial evidence under 42 U.S. Code 405(g),
6   "the court must be satisfied that the ALJ provided plaintiff
7   with 'a full hearing under the Secretary's regulations' and
8   also fully and completely developed the administrative
9   record."
10           This court notes that the ALJ did not wholly -- did
11  not wholly neglect his duty to develop the record.  For
12  example, the ALJ issued a subpoena to plaintiff's former
13  mental health provider, Chenango County Community Mental
14  Hygiene Services, after it denied plaintiff's counsel access
15  to treatment notes.  As the ALJ acknowledged in his decision,
16  plaintiff received psychotherapy services at this provider on
17  a regular basis until August 2020, almost two years prior to
18  the date of plaintiff's application for benefits.
19           In addition, plaintiff's counsel advised the ALJ at
20  the September 1, 2023 hearing that he was still awaiting
21  treatment records from Ms. Scott-Lein.  In response, the ALJ
22  held the administrative record open for an additional two
23  weeks, but the record documents -- but the record documents
24  no further efforts to -- let me just, let me start that over.
25  But the record documents no further efforts to obtain the

1  therapist's treatment notes.  This court finds that the ALJ's
2  failure to make such efforts is error that is requiring
3  remand.
4          Ms. Scott-Lein's opinion is the only comprehensive
5  treating source opinion in the record to address plaintiff's
6  mental health, and the ALJ's decision expressly recognized
7  the importance of her treatment notes for evaluating the
8  persuasiveness of her opinion.  Moreover, the ALJ emphasized
9  the relevance of mental health evaluations subsequent to
10 plaintiff's application date when reaching his RFC
11 determination.
12         Therefore, this court cannot find that the ALJ's
13 failure to make affirmative efforts to obtain
14 Ms. Scott-Lein's treatment notes to be harmless error,
15 because it necessarily impacted the ALJ's evaluation of all
16 of the mental health opinion evidence.  This finding is
17 consistent with numerous courts in the Second Circuit, who
18 have considered the issue and recognized the fundamental
19 nature of direct observation of a patient and consistency
20 with these observations as a crucial factor in evaluating the
21 value of a medical opinion.
22         The ALJ's reliance on the consulting opinions of
23 Dr. Long, Dr. Haus, and Dr. Brown do not alter that finding.
24 It is well-established that a longitudinal understanding of
25 an individual's mental impairments cannot be readily achieved

1   by a single consultative examination.  The same difficulty
2   arises from reliance on nonexamining consultants.  As the
3   amended regulations explain, "[a] medical source may have a
4   better understanding of your impairments if he or she
5   examines you than if the medical source only reviews evidence
6   in your folder."  See C.F.R. Sections 404.1520c(c)(3)(v) and
7   416.920c(c)(3)(v).
8               Plaintiff's remaining arguments address the
9   substance of the ALJ's evaluation of the mental health
10  opinion evidence.  Because the required efforts to fully
11  develop the record on remand will necessarily impact the
12  ALJ's evaluation of those opinions, this court declines to
13  address those remaining arguments.
14              So based on this, it is the decision of this court
15  accordingly that plaintiff's motion for judgment on the
16  pleadings is granted, defendant's motion for judgment on the
17  pleadings is denied, and the matter is reversed and remanded
18  to the Commissioner pursuant to sentence four of Section 42
19  U.S. Code 405(g) for further proceedings consistent with this
20  decision and order.
21              This constitutes the decision of this court.  I
22  will be asking the court reporter to transcribe my decision
23  only, as I just read into the record, I will then file a
24  summary order attaching the transcript of my decision as I
25  set forth herein, and then that way the parties will have a

1   written decision and analysis of that decision that I just
2   set forth.
3           That concludes our proceedings for today.  I hope
4   everybody has a good rest of the day and nice weekend, and
5   court stands adjourned.  Thank you all.  Take care.
6           MR. GORTON:  Thank you, your Honor.
7           MS. COHN:  Thank you.
8               (Court Adjourned, 1:25 p.m.)
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

JODI L. HIBBARD, RMR, CRR, CSR
(315) 234-8547

```
 1                CERTIFICATE OF OFFICIAL REPORTER
 2
 3
 4        I, JODI L. HIBBARD, RMR, CRR, CSR, Federal
 5   Official Realtime Court Reporter, in and for the
 6   United States District Court for the Northern
 7   District of New York, DO HEREBY CERTIFY that
 8   pursuant to Section 753, Title 28, United States
 9   Code, that the foregoing is a true and correct
10   transcript of the stenographically reported
11   proceedings held in the above-entitled matter and
12   that the transcript page format is in conformance
13   with the regulations of the Judicial Conference of
14   the United States.
15
16                    Dated this 28th day of February, 2025.
17
18
19                    /S/ JODI L. HIBBARD
20                    JODI L. HIBBARD, RMR, CRR, CSR
                      Official U.S. Court Reporter
21
22
23
24
25
```